TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
------------------------------------------------------------------x

WEIDONG LI,
*on his own behalf and on behalf of others similarly situated*

                                    Plaintiff,

                          v.

ESCAPE NAILS & SPA, LLC; and
LINH TUONG NGUYEN

                                    Defendants.
------------------------------------------------------------------x

**Case No. 23-cv-01487**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff WEIDONG LI (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants ESCAPE NAILS & SPA, LLC; LINH TUONG NGUYEN (Collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1.      This action is brought by the Plaintiff WEIDONG LI, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.*; Maryland Wage Payment and Collection Law (M.W.C.P.L.) and the Maryland Wage and Hour Law (M.W.H.L.) arising from Defendants' various willful, malicious, and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA; MWCPL and MWHL by

engaging in pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to MWPCL and MWHL that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages; and (3) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

6.      The Court has supplemental jurisdiction over plaintiff's claims under section 1367, Subsection (a) of Title 28 of the United Sates Code.

7.      Venue is proper in the United State District Court District Maryland District Court pursuant to Section 1391, Subsection (b) and (c) of Title 28 of the United State Code, because Defendants conduct business in the District of Maryland and because the acts and omissions giving rise to the claims alleged herein took place within the District of Maryland.

## PLAINTIFF

8.      Plaintiff Weidong Li was employed by Defendants to work as a Nail Technician at Defendants Nail Salon located at 3039 Waldorf Market Place Waldorf, MD 20603.

## DEFENDANTS

*Corporate Defendants*

9.    Defendant Escape Nails & Spa, LLC is a domestic business corporation organized under the laws of the State of Maryland with a principal and registered address at 3039 Waldorf Market Place Waldorf, MD 20603

10.    Escape Nails & Spa LLC is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

11.    Escape Nails & Spa LLC purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

12.    Linh Tuong Nguyen, known as the manager to plaintiff and the officer of Escape Nails & Spa LLC, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determiend the rate and method of payment; and (4) maintaind employee records at Escape Nails & Spa LLC.

13.    Linh Tuong Nguyen hired plaintiff Weidong Li.

14.    Linh Tuong Nguyen paid plaintiff Weidong Li.

15.    Linh Tuong Nguyen fired plaintiff Weidong Li.

16.    Linh Tuong Nguyen acted willfully, intentionally and maliciously and is an employer within un the meaning of FLSA, MWCPL and MWHL and is jointly and severally liable with Corporate Defendant.

## STATEMENT OF FACTS

### Wage and Hour Claims

17.    Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

18.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

19.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

20.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

21.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

*Plaintiff Weidong Li*

22.     From on or about July 20, 2020, to December 01, 2020, plaintiff Weidong Li was employed by Defendants to work as a Nail Technician at their Nail Salon located at 3039 Waldorf Market Place Waldorf, MD 20603.

23.     From on or about July 20, 2020, to December 01, 2020, plaintiff Weidong Li's regular work schedule ran from 08:30 to 21:00 for a total of twelve and a half (12.5) hours per day for seven (7) days per week. One of the days per week though, plaintiff Weidomg Li had to stay until 21:15 meaning that he would work twelve and three quarter (12.75) hours that day. Totally, plaintiff Weidong Li worked eighty-seven and three quarter (87.75) hours per week.

24.    At all relevant times, plaintiff Weidong Li did not have a fixed time for lunch or for dinner.

25.    From on or about July 20, 2020, to December 01, 2020, plaintiff Weidong Li did not receive a flat compensation per hour but was paid a commission.

26.    Plaintiff Weidong Li's commission he received was five thousand dollars ($5,000.00) per month that was comprised of three thousand dollars ($3,000.00) check and two thousand dollars ($2,000.00) cash.

27.    At all relevant times, plaintiff Weidong Li was not paid overtime for overtime work.

28.    Throughout his employment, plaintiff Weidong Li was not compensated for at least one and one half his promised hourly wage for all hours worked above forty (40) in each workweek.

29.    Throughout his employment defendants failed to provided plaintiff Weidong Li a wage state statement with each payment of wages listing the following: the dates of work covered by that payment of wages; his name; his employer's name, address, and telephone number; his regular and overtime rates of pay and the bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; her gross wages; any deductions from her wages; any allowances claimed as part of the minimum wage; and his net wages.

30.    Defendants committed the following acts knowingly, intentionally, willfully and maliciously against plaintiff Weidong Li, the collective and the class.

## COLLECTIVE ACTION ALLEGATIONS

31.    Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were

employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings his MWHL and MWCPL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

33.     All said persons, including Plaintiff, are referred to herein as the "Class."

34.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

35.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

36.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b.     Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the MWHL and MWCPL;

c.     Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter; and

d.     At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

37.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

38.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are

experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### *Superiority*

39.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

40.     Upon information and belief, Defendants and other employers throughout the state violate the MWHL and MWCPL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### Violation of 29 U.S.C. §207(a)(1)—Failure to Pay Overtime Brought on Behalf of the Plaintiff and the Collective

41.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42.     Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

43.     Throughout his employment, plaintiff Weidong Li was paid a commission that did not include additional pay at time and a half for overtime.

44.     Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in

the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

45.     Defendants knowingly, willfully and maliciously disregarded the provisions of the FLSA by failing to pay plaintiff Weidong Li overtime.

**COUNT II.**
**Violation of MD Lab & Empl. §3-415(a) and §3-420—Failure to Pay Overtime brought on behalf of Plaintiff and the Class**

46.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47.     Under MD Lab & Emp. §3-420(a) "Except as otherwise provided in this section, and employer shall compute the wage for the overtime under §3-415 of this subtitle on the basis of each hour over 40 hours that an employee works during 1 workweek.

48.     Additionally, Under MD Lab & Emp. §3-415(a) "Except as otherwise provided in this section, each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage …"

49.     During plaintiffs employment, plaintiff Weidong Li was provided a commission that did not include one and a half times the hourly rate for all hours that plaintiff worked over forty (40) hours each week h eash employed by defendants.

50.     Defendants failed to compensate plaintiff at a rate of one and a half for the weeks he worked overtime.

51.     Defendants knowingly, willfully and maliciously disregarded the provisions of the MD Lab a& Emp by failing to pay plaintiff Weidong Li overtime.

**COUNT III.**
**Violation of MD Lab & Empl. §3-504—Failure to provide Wage Notice brought on behalf of Plaintiff and the Class**

52.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53.     Section 3-504 of the MD Lab & Empl. provides that "(1) an employer shall give to each employee at the time of hiring, notice of: (1) rate of pay of the employee; (ii) the regular paydays that the employer sets; and (iii) leave benefits; (2) for each pay period, a statement of the gross earnings of the employee and deductions from those gross earnings; and (3) at least 1 pay period in advance, notice of any change in a payday or wage.

54.     Defendants knowingly, willfully and maliciously failed to furnish plaintiff Weidong Li a wage notice at his time of hiring as provided by Section 3-504 of the MD Lab & Empl.

55.     Should this court find that defendants failed to provide plaintiff with a Wage Notice this court should award plaintiff treble his wages and reasonable counsel fees and costs pursuant to Section 3-507(b)(1) of the MD Lab & Empl

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees.

Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and MWHL and MWCPL;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and MWHL and MWCPL due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of three hundred percent (300%) thereafter under Section 3-507(b)(1) of the MD Lab & Empl;

g)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and MD Lab & Empl. §3-427(a)(3) and MD Lab & Empl. §3-507(b)(1);

h)      The cost and disbursements of this action;

i)      An award of prejudgment and post-judgment fees; and

j)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: June 1, 2023
       Flushing, New York

                         TROY LAW, PLLC
                         *Attorneys for the Plaintiff, proposed FLSA*
                         *Collective and potential Rule 23 Class*

                         /s/ John Troy
                         John Troy
                         Aaron Schweitzer
                         Tiffany Troy