IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WEIDONG LI, on his own behalf  :
  and on behalf of others
  similarly situated           :

   v.                          :   Civil Action No. DKC 23-1487

                               :
ESCAPE NAILS & SPA, LLC, et al.
                               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is a joint motion to approve stipulation for conditional certification of an FLSA collective and court-authorized notification filed by Plaintiff Weidong Li and Defendants Escape Nails & Spa, LLC ("Escape Nails") and Linh Tuong Nguyen ("Nguyen") (collectively, "Defendants"). (ECF No. 34). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the parties' joint motion to approve stipulation for conditional certification of an FLSA collective and court-authorized notification will be denied.

**I.   Background**

The following facts are alleged in the Amended Complaint. (ECF No. 11). Beginning from approximately July 20, 2020 until

his[1] involuntary termination on December 1, 2020, Plaintiff was employed as a nail technician at Escape Nails located in Waldorf, Maryland. (*Id.* ¶ 22). While employed at Escape Nails, Plaintiff was not exempt from federal and state laws requiring employers to compensate employees for overtime work. (*Id.* ¶ 19). Nguyen, Plaintiff's manager and Escape Nails's officer, was responsible for hiring, paying, and firing Plaintiff in addition to supervising and controlling employee work schedules and employment conditions, determining the rate and method of wage payments, and maintaining employee records. (*Id.* ¶¶ 12-15). Plaintiff's regular work schedule consisted of 12.5-hour workdays spanning seven days a week. (*Id.* ¶ 23). One day per week, Plaintiff was required to work 12.75 hours. (*Id.*). In sum, Plaintiff worked 87.75 hours per week. (*Id.*). Throughout his employment, Plaintiff was paid on a commission-only basis and did not receive a flat compensation or compensation for overtime work. (*Id.* ¶¶ 25, 27). Defendants failed to provide Plaintiff with any wage statements or a time of hire notice. (*Id.* ¶¶ 21, 29). On June 22, 2023, Plaintiff filed

---

[1] Plaintiff's amended complaint, (ECF No. 11), and the parties' joint motion to approve stipulation for conditional certification of an FLSA collective and court-authorized notification, (ECF No. 34), refer to Plaintiff using masculine pronouns. The court-authorized notice, (ECF No. 34-1), attached to the joint motion to approve stipulation for conditional certification of an FLSA collective and court-authorized notification, (ECF No. 34), refers to Plaintiff using feminine pronouns. The court refers to Plaintiff using masculine pronouns in accordance with Plaintiff's amended complaint. (ECF No. 11).

an amended complaint on behalf of himself and others similarly situated, alleging that Defendants' failure to pay overtime violated section 207(a)(1) of the FLSA and sections 3-415(a) and 3-420 of the Maryland Wage and Hour Law ("MWHL").  (*Id.* ¶¶ 41-51). Plaintiff also alleges that Defendants' failure to furnish a wage notice at the time of his hiring violated section 3-504 of the Maryland Wage Payment and Collection Law ("MWPCL").  (*Id.* ¶¶ 52-55).  On October 16, 2023, the parties filed a joint motion to approve stipulation for conditional certification of an FLSA collective and court authorized notification.  (ECF No. 34).

**II.  Analysis**

"Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b)."  *Quinteros v. Sparkle Cleaning, Inc.*, 532 F.Supp.2d 762, 771 (D.Md. 2008).  Section 216(b) provides, in relevant part, as follows:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions

3

to be a party to the suit." *Quinteros*, 532 F.Supp.2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D.Md. 2000)).

When deciding whether to certify a collective action pursuant to the FLSA, courts generally follow a two-stage process. *Syrja v. Westat, Inc.*, 756 F.Supp.2d 682, 686 (D.Md. 2010). In the first stage, commonly referred to as the notice stage, the court makes a "threshold determination of 'whether the plaintiffs have demonstrated that potential class members are similarly situated,' such that court-facilitated notice to putative class members would be appropriate." *Id.* (quoting *Camper*, 200 F.R.D. at 519). In the second stage, following the close of discovery, the court conducts a "more stringent inquiry" to determine whether the plaintiffs are in fact "similarly situated," as required by section 216(b). *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D.Md. 2007). At this later stage, referred to as the decertification stage, the court makes a final decision about the propriety of proceeding as a collective action. *Syrja*, 756 F.Supp.2d at 686 (quoting *Rawls*, 244 F.R.D. at 300). The parties here have jointly stipulated to conditional certification of a collective action and they have requested court-facilitated notice to potential opt-in plaintiffs.

"Determinations of the appropriateness of conditional collective action certification . . . are left to the court's

4

discretion." *Id.*; *see also Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The threshold issue in determining whether to exercise such discretion is whether Plaintiffs have demonstrated that potential opt-in plaintiffs are "similarly situated." *Camper*, 200 F.R.D. at 519 (quoting 29 U.S.C. § 216(b)). "'Similarly situated' [does] not mean 'identical.'" *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 566 (D.Md. 2012) (citing *Bouthner v. Cleveland Constr., Inc.*, No. RDB-11-0244, 2012 WL 738578, at *4 (D.Md. Mar. 5, 2012)). Rather, a group of potential FLSA plaintiffs is "similarly situated" if its members can demonstrate that they were victims of a common policy, scheme, or plan that violated the law. *Quinteros*, 532 F.Supp.2d at 772 (citing *D'Anna v. M/A-COM, Inc.*, 903 F.Supp. 889, 894 (D.Md. 1995)). To satisfy this standard, plaintiffs have the burden to make a "relatively modest factual showing" that such a common policy, scheme, or plan exists, *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D.Md. 2006), even when both parties have stipulated to conditional certification, *Alloways v. Cruise Web, Inc.*, No. CV PJM 17-2811, 2018 WL 11471878, at *2 (D.Md. Feb. 22, 2018) (quoting *Draper v. Captel, Inc.*, No. 11-cv-535-wmc, 2011 WL 6888524, at *2 (W.D.Wis. Dec. 29, 2011)). This is because "courts . . . have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *D'Anna*, 903 F.Supp. at 894 (quoting *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D.Minn.

5

1991)).  A plaintiff must set forth more than "vague allegations" in a complaint with "meager factual support" regarding a common policy to violate the FLSA. *D'Anna*, 903 F.Supp. at 894; *Bouthner*, 2012 WL 738578, at *4.  A plaintiff's evidence need not, however, enable the court to determine conclusively whether a class of "similarly situated" plaintiffs exists, *Randolph v. PowerComm Const., Inc.*, 7 F.Supp.3d 561, 576 (D.Md. 2014) (quoting *Mancia v. Mayflower Textile Servs. Co.*, No. 08-0273-CCB, 2008 WL 4735344, at *2 (D.Md. Oct. 14, 2008)), and it need not include evidence that the company has a formal policy of refusing to pay overtime, *Quinteros*, 532 F.Supp.2d at 772 (quoting *Marroquin*, 236 F.R.D. at 260-61). A plaintiff may rely on "[a]ffidavits or other means," such as declarations and deposition testimony, to make the required showing.  *Williams v. Long*, 585 F.Supp.2d 679, 684-85 (D.Md. 2008) (quoting *Montoya v. S.C.C.P. Painting Contractors, Inc.*, No. 07-cv-00455-CCB, 2008 WL 554114, at *2 (D.Md. Feb. 26, 2008)); *Essame v. SSC Laurel Operating Co. LLC*, 847 F.Supp.2d 821, 825 (D.Md. 2012) (quoting *Quinteros*, 532 F.Supp.2d at 772).

   The parties seek conditional certification of the following FLSA collective: "All current and former non-managerial employees of Defendant Escape Nails & Spa, LLC who worked at 3039 Waldorf Market Place, Waldorf, Maryland from June 1, 2020 to the present, who worked over forty (40) hours in any workweek during the foregoing time period."  (ECF No. 34 ¶ 5).  In his complaint,

Plaintiff alleges that he and similarly situated members of the putative class were victims of Escape Nails's common policy of not compensating overtime work in violation of the FLSA. (ECF No. 11 ¶ 37). Plaintiff has not provided any affidavit, deposition testimony, or other supporting evidence in support of conditional certification.

In *Butler v. DirectSAT USA, LLC*, this court conditionally certified an FLSA collective consisting of technicians who performed uncompensated overtime work because the plaintiffs provided declarations and deposition testimony sufficiently showing that the members of the putative class were similarly situated. *Butler*, 876 F.Supp.2d at 568. Specifically, the plaintiffs' evidence showed that in addition to receiving the same instructions from company management to avoid recording more than forty hours per week on their timesheets, the plaintiffs and other technicians were subject to the same company policies and procedures, followed the same timekeeping practices and compensation plan, and performed the same general tasks such as "preparing satellite dishes at home, pre-calling customers, and attending weekly warehouse meetings[.]"[2] *Id.* In contrast, this

---

[2] *Butler* is a representative case amongst a series of cases where this court has conditionally certified an FLSA collective in the face of evidence that the putative class members were directed to work uncompensated overtime, performed similar duties, and were subject to the same compensation policy. *See, e.g.*, *Baylor v. Homefix Custom Remodeling Corp.*, 443 F. Supp. 3d 598, 607-08 (D.Md.

court in *D'Anna v. M/A-COM, Inc.* declined conditionally to certify an Age Discrimination in Employment Act collective because the only supporting evidence offered by the plaintiff, apart from the allegations in the complaint, was a list of eleven potential plaintiffs' names. *D'Anna*, 903 F.Supp. at 894. The *D'Anna* court held that "[t]he mere listing of names, without more, is insufficient absent a factual showing that the potential plaintiffs are 'similarly situated.'" *Id.*

Here, Plaintiff has provided even less evidence than the plaintiff in *D'Anna* and instead relies solely on the allegations in his amended complaint to show that he and the other putative class members are similarly situated. Unlike the *Butler* plaintiffs, Plaintiff fails to corroborate his fundamental allegation that Defendants implemented a common policy of not compensating overtime work because he does not describe, with minimal requisite particularity and factual support, the types of duties shared by the putative class members, as well as the

---

2020)(holding that employees subject to the same pay provisions who were required to work unpaid overtime by attending trainings, meetings, and trade shows were similarly situated for the purposes of conditional certification); *Essame*, 847 F. Supp. 2d at 825–26 (holding that hourly nurse employees who were required to continue performing their duties during their unpaid meal breaks were similarly situated for the purposes of conditional certification); *Quinteros*, 532 F.Supp.2d at 766, 772 (holding that hourly janitorial employees who were directed to perform cleaning duties for more than forty hours per week without overtime pay were similarly situated for the purposes of conditional certification).

applicable timekeeping and compensation plan. *See Rivera v. Jet Auto. Servs., LLC*, No. CV JKB-20-1037, 2021 WL 3056224, at *3 (D.Md. July 20, 2021) (holding that evidence suggesting that other putative class members may be similarly situated to the plaintiffs in terms of the work they did is insufficient to establish that the putative class members were victims of a common policy for the purposes of conditional certification because it did not show that they were similarly situated in the manner in which they were allegedly underpaid). Because Plaintiff has not provided any evidence to establish the "modest factual showing" that the members of the proposed FLSA collective are similarly situated, the court will not grant conditional certification and court-facilitated notice.

**III. Conclusion**

For the foregoing reasons, the parties' joint motion to approve stipulation for conditional certification of an FLSA collective and court-authorized notification will be denied without prejudice. A separate order will follow.

                                             /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge