IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WEIDONG LI,** <br> on his own behalf and on behalf of <br> others similarly situated <br><br> **Plaintiff,** <br><br> v. <br><br> **ESCAPE NAILS & SPA, LLC, et. al** <br><br> **Defendants.** | Civil Action No. 23-cv-01487-DKC |

**OPPOSITION OF DEFENDANT ESCAPE NAILS & SPA, LLC AND DEFENDANT
LINH TUONG NGUYEN TO PLAINTIFF WEIDONG LI'S
MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE AND
COURT AUTHORIZED NOTIFICATION**

Defendant Escape Nails & Spa, LLC ("Defendant Escape Nails") and Defendant Linh Tuong Nguyen ("Defendant Nguyen") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Opposition to Plaintiff Weidong Li's January 26, 2024 Motion for Conditional Certification of FLSA Collective and Court Authorized Notification ("Motion"). *See* ECF Doc. No. 39.

**I.     CASE BACKGROUND**

Plaintiff filed the instant action on June 1, 2023 against Defendant Escape Nails and Defendant Nguyen, individually, asserting claims for unpaid overtime under the Fair Labor Standards Act (Count I); unpaid overtime under Maryland law (Count II); and failure to provide wage notices under Maryland law (Count III).  ECF No. 1.

On October 16, 2023, in an effort to avoid the expense of motion practice, Defendants

agreed to a Joint Motion to Approve Stipulation for Conditional Certification of FLSA Collective and Court-Authorized Notification ("Stipulation"). *See* ECF No. 34. The Court denied the Stipulation because Plaintiff Li failed to satisfy the minimum evidentiary threshold necessary to establish that putative members of the collective are "similarly situated" as required by Section 216(b) of the FLSA. *See* ECF Nos. 35-36. Plaintiff's instant Motion seeks to satisfy the "similarly situated" requirement by submitting his lone affidavit regarding various other individuals with whom he allegedly worked—and some with whom he *did not* actually work, *see* discussion *infra*—during the relevant period. To date, other than Plaintiff Li, no opt-in consent forms have been filed with the Court in this case.

## II.   PLAINTIFF'S AFFIDAVIT

In support of the Motion, Plaintiff Li 's Affidavit references thirteen other nail technicians whom he "befriended," the majority of whom are identified by first name only—"Anna"; Chi Le"; "Tiffany"; "Tiffany 2"; Xia Wang a/k/a Little Wang; "Henry"; "John Lee"; "Louis"; "Koby"; "Olivia"; "Pheonix" (sic); "Helen"; and "Sydney." *See* ECF No. 40-5 ("Affidavit"), at ¶ 11. Despite Plaintiff Li's assertion that he only worked for Defendant Escape for roughly four months—July 20, 2020 to December 1, 2020, *see* Affidavit, at ¶ 3—as to eleven of the thirteen individuals initially identified, the Affidavit makes various allegations regarding their tenure with Defendant Escape Nails, as well as hours worked during such tenure. *See* Affidavit generally. The Affidavit is largely formulaic and repetitive in structure and sets forth each of the foregoing individuals' names, each of their schedules, the manner in which they were paid, and how Plaintiff Li purportedly became aware of such information. *See* Affidavit generally.

Regarding Plaintiff Li's basis for his assertions relative to how the other workers were paid, Plaintiff Li avers that these individuals "informed him" of the manner in which they were

compensated, that he had discussions—sometimes "occasionally"—with them regarding their pay," and/or because he "observed this." *See* Affidavit, at ¶¶ 29, 35, 40, 45, 51, 56, 63, 70, 77, 85. Notably, in two instances—John Lee and Chi Lee—the Affidavit provides such information, notwithstanding the fact that these individuals "started working for the Defendants after [Plaintiff Li] left." *See id.* at ¶¶ 43, 54. In this regard, Plaintiff Li appears to rely exclusively on discussions with these two individuals, as well as on "observations" regarding their comings and goings when they lived in the same dormitory. *See id.* at ¶¶ 45, 56.

The final page of Plaintiff Li's Affidavit consists of a "Translator's Declaration" signed by "Lin, Jenny" ("Ms. Lin"). *See* ECF No. 40-5. In support of her "qualifications" in translating the Affidavit, Ms. Lin states that she received a "Chinese Education" in China until she was five years of age; that she "regularly and routinely practices[s] Chinese at home with her grandmother and parents" and she is "well-versed" in both Chinese in English. *Id.* The Translator Declaration concludes that Ms. Lin "assisted in the preparation of the affidavit and provided a true and accurate translation of the foregoing **Plaintiff's Affidavit in Support of Motion for Default** to **Li, Weidong**, who has confirmed to me that he comprehended the contents thereof…" *Id.* (bolding and underlining original). In addition to referencing the incorrect document which it purports to translate, Ms. Lin's Translator Declaration is devoid of any information relating to the nature of her relationship with Plaintiff Li or Plaintiff Li's counsel in this case, as well as any reference to her formal certifications or credentials, if any, as a translator. *See id.*

### III.    APPLICABLE STANDARD

Plaintiff's Motion asks this Court to rely upon the two-stage certification process first articulated by the United States District Court for the District of New Jersey in the decision of *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Under *Lusardi* and its progeny, courts

presented with a request for certification of an FLSA collective rely upon a two-stage process, the first of which consists of satisfying a lenient standard in determining whether to grant "conditional certification," resulting in the provision of notice to potential members of the collective. Following conditional certification, "[i]n the second stage, following the close of discovery, the court conducts a 'more stringent inquiry' to determine whether the plaintiffs are in fact 'similarly situated,' as required by 216(b)." *Mitchel v. Crosby Corp.*, 2012 U.S. Dist. LEXIS 128362, at *7, 2012 WL 4005535 (D. Md. 2012) (J. Chasanow) (citing *Rawls v. Augustine Home Healthcare, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007)). "At this later stage, referred to as the decertification stage, the court makes a final decision about the propriety of proceeding as a collective action." *Id.*

Notably, neither the United States Supreme Court, nor the United States Court of Appeals for the Fourth Circuit have expressly adopted the *Lusardi* framework. *Hernandez v. KBR Servs., LLC,* 2023 US Dist. LEXIS 140795, *12-13, 2023 WL 5181795 (E.D. Va. Aug. 11, 2023) ("[N]either the Fourth Circuit nor the Supreme Court has prescribed a process for certification of FLSA collectives."). "Rather, the Fourth Circuit has noted only that district courts have discretion to supervise the notice-giving process." *Matthews v. United States Today Sports Media Group, LLC*, 2023 U.S. Dist. LEXIS 95475, at *7, 2023 WL 3676795 (E.D. Va. 2023).[1]

While a plaintiff's evidentiary burden necessary for conditional certification of an FLSA collective is a modest one, it is not merely a rubber stamp. *See Johnson v. Helion Techs., Inc.*,

---

[1] In recent years, the *Lusardi* framework has come under assault for the lack of associated textual basis within § 216(b) of the FLSA, as well as its lack of practical utility as a case management tool. *See Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021) (finding that "*Lusardi* distracts from the FLSA's text…" because "[t]he FLSA, and 216(b) in particular, say[] nothing about 'conditional certification….'"); *Clark v. A&L Homecare & Training Ctr.*, LLC 68 F.4th 1003 (6th Cir. May 19, 2023) (rejecting *Lusardi* and adopting standard under which plaintiff must demonstrate a "strong likelihood" that employees are similarly situated to plaintiff). Notwithstanding, the majority of the district courts within the Fourth Circuit presented with the invitation to adopt a differing standard have declined to do and have remained faithful to the *Lusardi* approach. *See*, *e.g.*, *Thomas v. Maximus, Inc.*, 2022 U.S. Dist. LEXIS 84827, *12 (E.D. Va. 2022) (declining to depart from *Lusardi*).

2019 U.S. Dist. LEXIS 158047, at *13-14, 2019 WL 4447502 (D. Md. 2019) ("To meet this burden and demonstrate that potential class members are 'similarly situated,' [p]laintiffs must set forth more than 'vague allegations' with 'meager factual support' regarding a common policy to violate the FLSA.") (quoting *D'Anna v. M/A COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)); *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 2017 U.S. Dist. LEXIS 141783, at *12, 2017 WL 3841858 (M.D.N.C. Sept. 1, 2017) ("The standard for conditional certification…is not a rubber stamp.").

## IV. ARGUMENT

### A. Plaintiff Li's Affidavit Fails to Satisfy the Modest Burden Necessary To Meet the Similarly Situated Requirement For Purposes of Establishing Conditional Collective Certification.

As discussed further below, Plaintiff Li's Affidavit has the appearance of a formulaic and conclusory document, the framework of which has previously been rejected by other courts for purposes of satisfying the conditional collective certification requirement, in the absence of further documentation supporting conditional certification.

In *Ye Ming Huang v. Sakura Mandarin, Inc.*, 2022 U.S. Dist. LEXIS 177917, at *7-8, 2022 WL 4585533 (E.D. Pa. 2022) ("*Ye Ming Huang I*"),[2] the plaintiff sought conditional collective certification based on his lone affidavit.[3] In such affidavit, plaintiff identified other employees, all of whom were alleged to have worked similar hours and received similar pay as plaintiff. *Id.* *6-8. Plaintiff claimed that he knew that the other employees worked 70 or more hours per week because he and the other workers "would arrive and leave at the same time." *Id.* at *6-7. Plaintiff further claimed that he knew the amounts made by other workers because they "talked about how

---

[2] In *Ye Ming Huang I* and *Ye Ming Huang II*, discussed *infra*, the plaintiff was represented by Troy Law, PLLC, the same counsel for Plaintiff in this case.

[3] For ease of the Court's reference, Defendants have attached the plaintiff's affidavit in *Ye Ming Huang I* hereto as **Exhibit 1**.

much everyone got paid." *Id.*

In assessing the sufficiency of the plaintiff's affidavit in whether he satisfied his burden for establishing conditional certification, the court acknowledged that the affidavit identified specific other employees and provided some personal knowledge regarding alleged violations of the FLSA. *Id.* at *7 ("This affidavit takes a small step towards the required proof. It does identify specific other employees, in two instances providing full names of those employees, and provides some personal knowledge suggesting that they are also not being paid overtime."). However, the court explained that the plaintiff failed to satisfy the necessary "modest factual showing" because he "must provide some additional documentation: his own pay stubs or work schedules, affidavits from his other co-workers, or records and documents…" *Id.* *7-8. Thus, the court concluded that the evidence presented by plaintiff, including his "mere observations of…former corkers was "too 'speculative, conclusory, and vague' for the [c]ourt to determine that other current and former employees of [defendant] similarly situated to [plaintiff] exist." *Id.* *11-12. The court further noted the fact that while plaintiff was no longer employed with defendant, such fact "did not excuse his failure to avail himself of discovery or otherwise recruit current or former employees…to support his claim." *Id.* *9. While the court denied the plaintiff's motion, it provided him with an opportunity to present additional evidence and submit a renewed motion for conditional certification. *Id.*

Following the court's denial of the plaintiff's motion for conditional certification in *Ye Ming Huang I*, the plaintiff filed a related suit styled *Ye Ming Huang v. Bai Wei LLC*, 2023 U.S. Dist. LEXIS 142635*, 2023 WL 5243364 (E.D. Pa. Aug. 14, 2023) ("*Ye Ming Huang II*"). The plaintiff filed a motion for conditional collective certification, offering "(1) his affidavit submitted in connection with the motion for conditional collective certification in [*Ye Ming Huang I*], (2) his

supplemental affidavit, (3) two purported work schedules for the restaurant, and (4) …his pay records." *Id.* at *4.

The court began by observing that "for the reasons set forth in the [c]ourt's denial of conditional class certification in the *Ye Ming Huang I*, [plaintiff's] initial affidavit is not enough, on its own, to make the 'modest factual showing' required here." *Id.* at *12. Turning to the plaintiff's 16-page supplemental affidavit,[4] the court expressed concerns regarding the fact that plaintiff's counsel had served as his interpreter for purposes of its preparation. *Id.* *12-15. Regarding the substance of the supplemental affidavit, the court observed that "[w]hile [the plaintiff] states that he made personal observations as to how much time other employees worked in the restaurant on a weekly basis, the supplemental affidavit gives meager support as to whether [the plaintiff's] co-workers received deficient pay for their time at the restaurant—indeed the supplemental affidavit makes no mention of overtime compensation at all, and only in the most conclusory of statements[,] remarks that all workers were compensated in the same manner as [the plaintiff]." *Id.*[5] Finally, regarding the work schedules and pay records submitted by the plaintiff, the court reasoned that in addition to issues surrounding the translation of such documents, the records did "not enlighten the Court as to whether other workers at [defendant] are similarly situated to [the plaintiff]" because such records related only to plaintiff himself. *Id.* *19. For these reasons, the court denied plaintiff's motion for conditional certification. *Id.*

Here, Plaintiff Li's Affidavit consists of conclusory allegations regarding violations of the FLSA that are similar in substance and form to the affidavits at issue in *Ye Ming Huang I*. Further,

---

[4] For ease of the Court's reference, Defendants have attached the plaintiff's affidavit in *Ye Ming Huang II* hereto as **Exhibit 2**.
[5] Notably, the court reached this conclusion, despite the fact that the plaintiff's affidavit in *Ying Ming Huang I* contained some conclusory allegations that referenced overtime. *See* Exhibit 1, at ¶ 27 (stating in part, "[s]pecifically my co-workers were also not paid overtime and minimum wages…").

unlike in *Ye Ming Huang II*, Plaintiff Li has not attempted to provide *any* documentation in support of his request for conditional collective certification, even when provided a second opportunity to do so by this Court.

In addition to the precedent set forth above, courts in the Fourth Circuit have similarly denied requests for conditional collective certification in circumstances similar to those of the instant case, in which a plaintiff sought to rely solely upon his or her own conclusory affidavit. In *You v. Grand China Buffet & Grill, Inc.*, 2018 U.S. Dist. LEXIS 42655, at *6-7, 2018 WL 1352174 (N.D.W.V. 2018),[6] the plaintiff offered a single affidavit in support of his motion for conditional certification, in which he identifie[d], by first name, nickname, and/or physical description only, approximately seven (7) waiters that he allege[d] worked at [a] restaurant and were 'paid similarly' to him, as well as a few cooks and food preparers to whom he claim[ed] to have spoken 'briefly about the general wage situation.'"

Subsequently, the plaintiff submitted a supplemental affidavit, in which plaintiff "identified, by first name and physical description, approximately ten (10) waiters, who he claim[ed], were paid no base wages or overtime and earned only tips," as well as "approximately eight kitchen workers he claim[ed] were paid flat monthly wages and no overtime." *Id.* at *7-8. The plaintiff further asserted that his knowledge was "based on personal conversations with the other waiters about 'how they were paid.'" *Id.* at *8.

Finding that the plaintiff's affidavits failed to meet the modest factual showing standard, the court explained:

> "Beyond these affidavits, there is no evidence supporting [plaintiff's] contention of the existence of a similarly situated group of potential plaintiffs. Despite the opportunity to provide further support for his position, [plaintiff] failed to submit affidavits from other current or former restaurant employees, or even to provide

---

[6] In *You v. Grand China Buffet & Grill, Inc.,* the plaintiff was represented by Troy Law, PLLC.

8

> their full names. Nor has he otherwise supplemented his motion with other evidence, such as tax returns, social security earnings statements, and other documents that would establish [the plaintiff's] and others' employment at the restaurant."

*Id.* *8-10.

Similarly, here—despite the Court's Order denying the Parties' Stipulation and explaining the deficiencies associated with the same—Plaintiff Li has not produced any additional evidence or documentation beyond his own conclusory allegations set forth in his Affidavit. Indeed, in this regard, Plaintiff Li did not file a single affidavit from the other individuals which he "befriended" in support of the Motion. Relatedly, and while admittedly not determinative as to this Court's decision regarding whether to grant the instant Motion, not a single individual beyond Plaintiff Li has expressed an interest in joining this suit by filing an opt-in consent. *See Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-cv-7350, 2009 U.S. Dist. LEXIS 127262, at *11, fn. 6, 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) ("While not a conclusive factor in its decision, the Court does find it telling that after nearly four months of discovery [p]laintiff is unable to present any evidence, other than her own allegations, that other current or former aggrieved [employees] exist and desire to participate as plaintiffs in this case."). More than eight months have passed since this case was filed, and Plaintiff Li remains the only party plaintiff to this case.

    **B.**    *Deficiencies Associated With the "Translator's Declaration" Accompanying Plaintiff's Affidavit Further Support Denial of Plaintiff Li's Motion.*

Defendants acknowledge that this court has held that the fact that an affidavit or declaration contains hearsay is not relevant for purposes of determining whether to grant a motion for conditional collective certification. *See Cummins v. Ascellon Corp.*, 2020 U.S. Dist. LEXIS 207677, at *7-8 (D. Md. 2020) (J. Chasanow). However, Federal Rule of Evidence 604 provides that, "[a]n interpreter must be qualified and must give an oath or affirmation to make a true

9

translation." Here, beyond providing general background regarding her upbringing, ability to speak Chinese and English, and a conclusory assertion regarding her competency, Ms. Lin provides little support for her qualifications as a translator. Further, the Affidavit contains other indicia of unreliability.  In this regard, the fact that Plaintiff Li's Affidavit purports to relate to an issue that is not even before this Court—"a Motion in Support of Default"— calls into question Ms. Lin's qualifications and the utility of the Affidavit for purposes of deciding the instant Motion.

Moreover, to the extent that Ms. Lin is affiliated with "Troy Law, PLLC" as a paralegal or in any another capacity, such fact further calls the utility of the Affidavit into question. *See Ye Ming Huang II*, at \*14 (stating that "[n]or is the Court persuaded that [plaintiff's] counsel acted properly in acting simultaneously as attorney and translator for [plaintiff], particularly where there is no indication that she is qualified as a Mandarin Chinese interpreter," and "[g]iven that the Court struggles to find *any* indicia of reliability here, it will not turn a blind eye to the 'technical improprieties' of the supplemental affidavit.") (emphasis original)).

## V.   CONCLUSION

"As a matter of sound case management, a court should, before offering [to assist plaintiff in locating additional plaintiffs], make a preliminary inquiry as to whether a manageable class exists." *D'Anna v. N/A-COM, Inc.*, 903 F. Sup 889, 894 (D. Md. 1995) (citing *Severson v. Phillips Beverage Co.*, 137 F.R.D. 264 (D. Minn. 1991)).  Further, "[t]he courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Id.* (internal quotations and citations omitted). Here, Plaintiff Li has not carried his burden to establish that conditional collective certification is appropriate, and accordingly, the Motion should be denied. In the event the Court deems it appropriate to grant conditional collective certification, Defendants respectfully request approval of the notice-related submittals previously

10

provided in connection with the Parties' Stipulation, as opposed to those proposed by Plaintiff Li in connection with the instant Motion.

Dated:	February 9, 2024	Respectfully submitted,

/s/ *Craig J. Franco*
Craig J. Franco, Esq.
Maryland Federal Bar No. 16248
Jonathan E. O'Connell, Esq.*
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Ave., Suite 400
Reston, VA 20190
Telephone: (703) 218-2302
Facsimile (703) 218-2160
craig.franco@ofplaw.com
jonathan.oconnell@ofplaw.com
*Counsel for Defendants*
*Admitted Pro Hac Vice.

## CERTIFICATE OF SERVICE

I certify that on February 9, 2024, a copy of the forgoing Opposition of Defendant Escape Nails & Spa, LLC and Defendant Linh Tuong Nguyen to Plaintiff Li's Motion for Conditional Certification of FLSA Collective and Court Authorized Notification was served by electronic filing with the clerk of the court using the ECF filing system, which will automatically notify all registered counsel of record.

/s/ *Craig J. Franco*
Craig J. Franco, Esq.
Maryland Federal Bar No. 16248
Jonathan E. O'Connell, Esq.*
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Ave., Suite 400
Reston, VA 20190
Telephone: (703) 218-2302
Facsimile (703) 218-2160
craig.franco@ofplaw.com
jonathan.oconnell@ofplaw.com
*Counsel for Defendants*
*Admitted Pro Hac Vice.

#5865507v3