IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WEIDONG LI, on his own behalf      :
  and on behalf of others
  similarly situated              :

    v.                             :   Civil Action No. DKC 23-1487

                              :
ESCAPE NAILS & SPA, LLC, et al.
                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the motion for conditional certification of an FLSA collective and court-authorized notification filed by Plaintiff Weidong Li ("Plaintiff"). (ECF No. 39). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for conditional certification of an FLSA collective and court-authorized notification will be granted, although Plaintiff will need to revise and resubmit the proposed notice and notification plan.

**I.   Background**[1]

The relevant factual background is set out in a prior opinion. (ECF No. 35, at 1-3). In short, Plaintiff, a former nail technician at Escape Nails, alleges that Defendants Escape Nails

---

[1] Unless otherwise noted, the following facts are drawn from Plaintiff's amended complaint. (ECF No. 11).

& Spa, LLC ("Escape Nails") and its officer Linh Tuong Nguyen (collectively, "Defendants") neither compensated him[2] for overtime work nor provided him with any wage statements or a time of hire notice. (ECF No. 11 ¶¶ 12, 18, 21, 29). On June 22, 2023, Plaintiff filed an amended complaint on behalf of himself and others similarly situated, advancing claims under (1) section 207(a)(1) of the FLSA; (2) sections 3-415(a) and 3-420 of the Maryland Wage and Hour Law; and (3) section 3-504 of the Maryland Wage Payment and Collection Law. (*Id.* ¶¶ 41-55). On January 26, 2024, Plaintiff filed a motion for conditional certification of an FLSA collective and court-authorized notification. (ECF No. 39). On the same day, Plaintiff filed a supplement to the motion for conditional certification of an FLSA collective and court-authorized notification. (ECF No. 40). On February 9, 2024, Defendants opposed. (ECF No. 41). On February 23, 2024, Plaintiff replied. (ECF No. 42).

---

[2] Plaintiff's amended complaint, (ECF No. 11), and Plaintiff's motion for conditional certification of an FLSA collective and court-authorized notification, (ECF No. 39), refer to Plaintiff using masculine pronouns. The proposed court-authorized notice, (ECF No. 40-1), attached to the supplement to the motion for conditional certification of an FLSA collective and court-authorized notification, (ECF No. 40), at times refers to Plaintiff using feminine pronouns. Plaintiff's affidavit in support of his motion for conditional certification of an FLSA collective and court-authorized notification, (ECF No. 40-5), refers to Plaintiff using gender-neutral pronouns. The court refers to Plaintiff using masculine pronouns in accordance with Plaintiff's amended complaint. (ECF No. 11).

## II.  Analysis

"Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b)."  *Quinteros v. Sparkle Cleaning, Inc.*, 532 F.Supp.2d 762, 771 (D.Md. 2008).  Section 216(b) provides, in relevant part, as follows:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros*, 532 F.Supp.2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D.Md. 2000)).

When deciding whether to certify a collective action pursuant to the FLSA, courts generally follow a two-stage process. *Syrja v. Westat, Inc.*, 756 F.Supp.2d 682, 686 (D.Md. 2010).  In the first stage, commonly referred to as the notice stage, the court makes a "threshold determination of 'whether the plaintiffs have demonstrated that potential class members are similarly situated,' such that court-facilitated notice to putative class members would

3

be appropriate." *Id.* (quoting *Camper*, 200 F.R.D. at 519).  In the second stage, following the close of discovery, the court conducts a "more stringent inquiry" to determine whether the plaintiffs are in fact "similarly situated," as required by section 216(b).  *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D.Md. 2007).  At this later stage, referred to as the decertification stage, the court makes a final decision about the propriety of proceeding as a collective action.  *Syrja*, 756 F.Supp.2d at 686 (quoting *Rawls*, 244 F.R.D. at 300).  Plaintiffs here have moved for conditional certification of a collective action and they have requested court-facilitated notice to potential opt-in plaintiffs.

"Determinations of the appropriateness of conditional collective action certification . . . are left to the court's discretion." *Id.; see also Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  The threshold issue in determining whether to exercise such discretion is whether Plaintiffs have demonstrated that potential opt-in plaintiffs are "similarly situated." *Camper*, 200 F.R.D. at 519 (quoting 29 U.S.C. § 216(b)). "'Similarly situated' [does] not mean 'identical.'"  *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 566 (D.Md. 2012) (citing *Bouthner v. Cleveland Constr., Inc.*, No. RDB-11-0244, 2012 WL 738578, at *4 (D.Md. Mar. 5, 2012)).  Rather, a group of potential FLSA plaintiffs is "similarly situated" if its members can demonstrate that they were victims of a common policy, scheme, or

4

plan that violated the law. *Quinteros*, 532 F.Supp.2d at 772 (citing *D'Anna v. M/A-COM, Inc.*, 903 F.Supp. 889, 894 (D.Md. 1995)). To satisfy this standard, plaintiffs have the burden to make a "relatively modest factual showing" that such a common policy, scheme, or plan exists. *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D.Md. 2006). This is because "courts . . . have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *D'Anna*, 903 F.Supp. at 894 (quoting *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D.Minn. 1991)). A plaintiff must set forth more than "vague allegations" in a complaint with "meager factual support" regarding a common policy to violate the FLSA. *D'Anna*, 903 F.Supp. at 894; *Bouthner*, 2012 WL 738578, at *4. A plaintiff's evidence need not, however, enable the court to determine conclusively whether a class of "similarly situated" plaintiffs exists, *Randolph v. PowerComm Const., Inc.*, 7 F.Supp.3d 561, 576 (D.Md. 2014) (quoting *Mancia v. Mayflower Textile Servs. Co.*, No. 08-0273-CCB, 2008 WL 4735344, at *2 (D.Md. Oct. 14, 2008)), and it need not include evidence that the company has a formal policy of refusing to pay overtime, *Quinteros*, 532 F.Supp.2d at 772 (quoting *Marroquin*, 236 F.R.D. at 260-61). A plaintiff may rely on "[a]ffidavits or other means," such as declarations and deposition testimony, to make the required showing. *Williams v. Long*, 585 F.Supp.2d 679, 684-85 (D.Md. 2008) (quoting *Montoya v. S.C.C.P. Painting Contractors, Inc.*, No. 07-

cv-00455-CCB, 2008 WL 554114, at *2 (D.Md. Feb. 26, 2008)); *Essame v. SSC Laurel Operating Co. LLC*, 847 F.Supp.2d 821, 825 (D.Md. 2012) (quoting *Quinteros*, 532 F.Supp.2d at 772).

Here, through his sworn affidavit (the "Affidavit"), Plaintiff makes a "modest factual showing" that he is "similarly situated" to other non-exempt and non-managerial employees of Escape Nails who have worked more than forty hours per week since June 1, 2020, but have not received overtime pay. Plaintiff in his Affidavit attests that he was employed at Escape Nails from approximately July 20, 2020 to December 1, 2020, and was paid on a commission-only basis without compensation for hours worked beyond forty hours per week. (ECF No. 40-5 ¶¶ 6, 8-9). Plaintiff alleges that other employees at Escape Nails include thirteen nail technicians who had similar duties, schedules, and fee arrangements, and were also not compensated for overtime work. (*Id.* ¶¶ 12, 14, 16). To illustrate, Plaintiff identifies eleven nail technicians at Escape Nails who worked more than forty hours per week without overtime pay during the relevant time period. (*See id.* ¶¶ 18-85). Plaintiff asserts that his Affidavit is based on his personal knowledge, arising from his conversations with fellow nail technicians at Escape Nails and his own observations. (*Id.* ¶¶ 2, 22, 29, 34, 40, 45, 51, 56, 63, 70, 77, 85). Taken together, these facts attested to in Plaintiff's Affidavit make the "modest factual showing" necessary for conditional

certification of a class of non-exempt and non-managerial employees of Escape Nails who have worked more than forty hours per week since June 1, 2020.

Defendants object to Plaintiff's motion for conditional certification of an FLSA collective on two bases: (1) Plaintiff's lone supporting Affidavit fails to satisfy the modest burden necessary to meet the "similarly situated" requirement; and (2) the "Translator's Declaration" accompanying Plaintiff's Affidavit is deficient. (ECF No. 41, at 5, 9).[3]

First, Defendants argue that the Plaintiff has not provided evidence sufficient to meet the "similarly situated" requirement because "Plaintiff . . . has not produced any additional evidence or documentation beyond his own conclusory allegations set forth in his Affidavit." (*Id.* at 9). Specifically, Defendants contend that Plaintiff has not furnished, for example, affidavits from the other nail technicians identified in his Affidavit. (*Id.*).

---

[3] Defendants also note that "not a single individual beyond Plaintiff . . . has expressed an interest in joining this suit by filing an opt-in consent." (ECF No. 41, at 9) (citing *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-cv-7350-BSJ, 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009)). As Defendants concede, the lack of other individuals who have expressed interest in joining the suit is "admittedly not determinative" to the court's determination of whether conditional certification is appropriate. (*Id.*). Furthermore, "this district has previously refused to impose a requirement that plaintiffs identify other potential opt-in plaintiffs when moving for conditional certification." *Butler*, 876 F.Supp.2d at 572 (citing *Mancia*, 2008 WL 4735344, at *3 n.5; *Quinteros*, 532 F.Supp.2d at 772 n.5).

Plaintiff counters that the allegations in his Affidavit satisfy the "similarly situated" requirement and are not merely conclusory. (*See* ECF No. 42, at 4-8).

As explained above, Plaintiff's Affidavit consists of non-conclusory factual allegations. Additionally, "[t]he crux of the "similarly situated" analysis is not quantitative[.]" *Butler*, 876 F.Supp.2d at 569 n.10. In other words, the number of affidavits submitted by Plaintiff is not dispositive to the "similarly situated" analysis*. See id.* Courts in this district have granted conditional certification of an FLSA collective on the basis of a single declaration or affidavit as long as it provided adequate factual allegations establishing that potential plaintiffs are victims of a common policy or scheme in violation of the FLSA. *See, e.g.*, *McFeeley v. Jackson St. Ent., LLC*, No. 12-cv-1019-DKC, 2012 WL 5928902, at *3 (D.Md. Nov. 26, 2012); *Calder v. GGC-Baltimore, LLC*, 12-cv-2350-BPG, 2013 WL 3441178, at *2 (D.Md. July 8, 2013); *Morris v. PP&G, Inc.*, No. 22-cv-3090-MJM, 2023 WL 5404247, at *1, *4 (D.Md. Aug. 22, 2023). Hence, the lack of additional evidence apart from the Affidavit does not render Plaintiff's motion for conditional certification deficient.

Defendants argue that affidavits containing factual allegations analogous to those in Plaintiff's Affidavit have been deemed insufficient to support a motion for conditional certification in *Huang v. Sakura Mandarin, Inc.*, No. 21-cv-3757-

8

GEKP, 2022 WL 4585533, at *3 (E.D.Pa. Sept. 29, 2022), *Huang v. Bai Wei LLC*, No. 22-cv-3618-GEKP, 2023 WL 5243364, at *5-6 (E.D.Pa. Aug. 14, 2023), and *Ting You v. Grand China Buffet & Grill, Inc.*, No. 1:17-CV-0042-IMK, 2018 WL 1352174, at *3-4 (N.D.W.Va. Mar. 15, 2018). (ECF No. 41, at 5-9). These non-binding, unreported, and out-of-district cases, however, do not outweigh the clear analysis provided by courts within this district.

Second, Defendants contend that the "Translator's Declaration" accompanying Plaintiff's Affidavit "provides little support" for the qualifications of Jenny Lin ("Ms. Lin"), Plaintiff's translator, other than "general background regarding [Ms. Lin's] upbringing, ability to speak Chinese and English, and a conclusory assertion regarding [Ms. Lin's] competency[.]" (ECF No. 41, at 10). Plaintiff responds that Ms. Lin was a qualified translator precisely because "[Ms. Lin] states [in the 'Translator's Declaration'] that Mandarin is her mother[] tongue and . . . she routinely practices Chinese at home with her family." (ECF No. 42, at 8-9).

According to Rule 604 of the Federal Rules of Evidence, "[a]n interpreter must be qualified and must give an oath or affirmation to make a true translation." In the "Translator's Declaration," Ms. Lin attests that she is "fluent in Chinese and English," and "provided a true and accurate translation[.]" (ECF No. 40-5, at

13).  Ms. Lin's non-conclusory explanation of her qualifications

is as follows:

> I [was] born in the United States of America
> to Chinese parents and both my father's and
> mother's tongue is Mandarin Chinese.  I was
> sent to [C]hina and had Chinese [e]ducation
> from when I was 3 months old till I was 5-
> year[s]-old.   I regularly  and  routinely
> practice Chinese at home with my grandmother
> and my parents . . . I had English education
> in the United States from elementary school
> through college.

(*Id.*).  Ms. Lin's description of her educational background and

bilingual fluency in Chinese and English adequately establishes

her qualifications as a translator.  Defendants do not provide any

evidence  suggesting  that  contrary  to  the  "Translator's

Declaration," Ms. Lin lacks competency in Chinese and English, or

that the Affidavit contained translation errors.

Alternatively,  Defendants  argue  that  Ms.  Lin's

misrepresentation  in  the  "Translator's  Declaration"  that  she

translated  "Plaintiff's  Affidavit  in  Support  of  Motion  for

Default"—as opposed to Plaintiff's Affidavit in support of his

motion  for  conditional  certification—"calls  into  question  Ms.

Lin's qualifications and the utility of the Affidavit for purposes

of deciding the instant Motion."  (*See* ECF Nos. 40-5, at 13; 41,

at  10).   Plaintiff  urges  the  court  to  overlook  Ms.  Lin's

misrepresentation as a mere "office oversight."  (ECF No. 42, at

8).  Even if the court disregards entirely the "Translator's

Declaration," Plaintiff's affidavit suffices as the basis for conditional certification. "[C]ourts have accepted English-language declarations from [non-English-speaking] plaintiffs without dwelling on technical improprieties." *Espinoza v. 953 Associates L.L.C.*, 280 F.R.D. 113, 119 (S.D.N.Y. 2011). For instance, courts have granted conditional certification based on an English-language affidavit filed by a non-English-speaking affiant where there was no accompanying translator's declaration as long as the affidavit included the affiant's signature and was sworn before a notary public. *See, e.g.*, *Lijun Geng v. Shu Han Ju Rest. II Corp.*, No. 18-cv-12220-RWL, 2019 WL 4493429, at *16 (S.D.N.Y. Sept. 9, 2019); *Liping Dai v. Lychee House, Inc.*, No. 17-cv-6197-DF, 2018 WL 4360772, at *12 n.5 (S.D.N.Y. Aug. 29, 2018). Plaintiff has appended to his Affidavit a notarized "Affiant's Certification," which bears his signature and states,

> The foregoing [Affidavit] has been translated to me from English to Chinese, and I fully comprehend . . . [its] contents and certify that the same are true to the best of my knowledge, information, and belief, subject to the penalty of perjury."

(ECF No. 40-5, at 12). Accordingly, regardless of the deficient "Translator's Declaration," the Affidavit is a sufficient basis for conditional certification.[4]

---

[4] Defendants also argue that "to the extent that Ms. Lin is affiliated with 'Troy Law, PLLC' as a paralegal or in any other capacity, such fact further calls the utility of the Affidavit

Conditional certification pursuant to 29 U.S.C. § 216(b) is thus warranted for the non-exempt and non-managerial employees at Escape Nails since June 1, 2020 who have worked more than forty hours per week without overtime pay.

Because Plaintiff has made a preliminary showing that non-exempt and non-managerial employees at Escape Nails are "similarly situated," notice of this action will be provided to non-exempt and non-managerial employees who currently work, or have worked, at Escape Nails since June 1, 2020.  Plaintiff has submitted a proposed notice form (the "Proposed Notice"), (ECF No. 40-1), as well as a proposed text message notice, (ECF No. 40-2), reminder postcard, (ECF No. 40-3), and reminder text message notice, (ECF No. 40-4).  In his motion for conditional certification of an FLSA collective and court-authorized notification, Plaintiff requests (1) dissemination of the Proposed Notice "in any relevant language via mail, email, text message, website or social media messages, chats, or posts, to all members of the putative class" within twenty-one days of Defendants' disclosure of potential opt-in plaintiffs' contact information; (2) authorization that the Proposed Notice be posted "on Plaintiff['s] counsel's website[,]" "social media groups specifically targeting the Chinese, Spanish-

_____

into question."  (ECF No. 41) (citing *Bai Wei*, 2023 WL 5243364, at *14).  The record does not indicate, nor do Defendants show, that Ms. Lin has any affiliation with Troy Law, PLLC.

speaking[5] American immigrant worker community[,]" and "in a conspicuous and unobstructed location[] likely to be seen by all currently employed members of the collective[;]" (3) an order that Plaintiff publish the Proposed Notice "at Defendants' expense by social media and by publication in newspaper should Defendants fail to furnish a complete Excel list [of potential opt-in plaintiffs' contact information] or more than 20% of the [Proposed] Notice be returned as undeliverable with no forwarding address to be published in English, . . . Chinese, [and] Spanish;" (4) a ninety-day opt-in period beginning from the day the Proposed Notice is sent; (5) an order that Defendants must "produce an Excel spreadsheet containing first and last name, last known address with apartment number (if applicable), the last known telephone numbers, last known e-mail addresses, WhatsApp, WeChat ID and/or FaceBook usernames (if applicable), and work location, dates of employment and position" of potential opt-in plaintiffs; and (6) equitable tolling of the statute of limitations for ninety days until the expiration of the opt-in period.  (ECF No. 39, at 1-2). Yet, in the memorandum in support of his motion for conditional certification of an FLSA collective and court-authorized notification, Plaintiff requests (1) dissemination of the Proposed

---

[5] Given that Plaintiff alleges that the other potential opt-in plaintiffs are native Chinese and Vietnamese speakers, (*see* ECF No. 40-6, at 12), the relevance of targeting Spanish speakers is unclear.

Notice in Chinese and Vietnamese, via mail, email, and text message; (2) authorization that the Proposed Notice "be posted on the conspicuous locations of Defendants' restaurants likely to be seen by all currently employed members of the collective[;]"[6] (3) a seventy-five-day opt-in period for potential plaintiffs beginning from the date the Proposed Notice is sent; and (4) an order that Defendants must disclose potential opt-in plaintiffs' contact information within ten days.  (ECF No. 40-6, at 10-14).[7] Defendants do not address or object to Plaintiff's requests with respect to court-authorized notice in their opposition.

"The district court has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler*, 876 F.Supp.2d at 574 (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006)).  "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide 'accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.'"  *Id.* at 574-75

---

[6] Because Plaintiff's claims arise from his employment at Escape Nails—which he alleges is a nail salon, not a restaurant—it is unclear which restaurants Plaintiff is referring to.  (*See* ECF No. 11).

[7] Although not mentioned in the memorandum in support of the motion for conditional certification of an FLSA collective and court-authorized notification, Plaintiff's proposed reminder postcard and text message notices suggest that Plaintiff also requests to send reminder notices.  (*See* ECF No. 40-3; 40-4).

(alternation in original) (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011)).

In light of the discrepancies between the motion for conditional certification of an FLSA collective and court-authorized notification and its supporting memorandum—as well as instances of confusion in both papers—the court will not approve Plaintiff's requests with respect to court-authorized notice. The parties will be ordered to attempt to draft an acceptable notice and notification plan.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for conditional certification of an FLSA collective and court-authorized notification will be granted. A separate order will follow.

                                          /s/
                              DEBORAH K. CHASANOW
                              United States District Judge