IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WEIDONG LI, on his own behalf       :
  and on behalf of others
  similarly situated                :

    v.                              :    Civil Action No. DKC 23-1487

                                       :
ESCAPE NAILS & SPA, LLC, et al.
                                       :

**MEMORANDUM OPINION**

Plaintiff Weidong Li ("Plaintiff") initiated this action against Defendants Escape Nails & Spa, LLC ("Escape Nails") and its officer Linh Tuong Nguyen (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL"). (ECF No. 11). After the court granted Plaintiff's motion for conditional certification of an FLSA collective and directed the parties to file a redrafted notice and notification plan, (ECF Nos. 45; 46), the parties have now filed a joint report (the "Joint Report") setting forth areas of disagreement, along with attached proposed notices and a joint dissemination plan, (ECF No. 47). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the parties' requests with respect to court-authorized notice as articulated in the Joint Report will be granted in part and denied in part.

## I.   Background

The relevant factual background is set forth in two prior opinions and will not be recounted here.  (ECF Nos. 35, at 1-3; 45, at 1-2).   On June 22, 2023, Plaintiff filed an amended complaint on behalf of himself and others similarly situated, advancing claims under (1) section 207(a)(1) of the FLSA; (2) sections 3-415(a) and 3-420 of the MWHL; and (3) section 3-504 of the MWPCL.  (*Id.* ¶¶ 41-55).  On January 26, 2024, Plaintiff filed a motion for conditional certification of an FLSA collective and court-authorized notification.  (ECF No. 39).   On May 28, 2024, the court granted conditional certification of an FLSA collective consisting of non-exempt and non-managerial employees at Escape Nails since June 1, 2020 who have worked more than forty hours per week without overtime pay.  (ECF No. 45, at 12).   The court also directed the parties to file a redrafted notice and notification plan.  (ECF Nos. 45, at 15; 46).   On June 11, 2024, the parties filed the Joint Report.  (ECF No. 47).

## II.  Analysis

"The district court has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 574 (D.Md. 2012) (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006)).   "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide 'accurate and

timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate.'" *Id.* at 574-75 (alternation in original) (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011)). The Joint Report and its attached proposed notices and joint dissemination plan reflect disagreement between the parties with respect to (1) the scope of employees covered; (2) the opt-in period; (3) the method of dissemination; and (4) the information included in the notice. (ECF Nos. 47; 47-1; 47-2; 47-3; 47-4; 47-5).

**A. Scope of Employees Covered**

Plaintiff requests that notice of this action be provided to "non-exempt and non-managerial employees who currently work, or have worked, at Escape Nails since June 1, 2020." (ECF No. 47, at 3). Defendants request that the scope of employees covered be limited to Nail Technicians. (*Id.*). The parties' proposed notice refers to potential opt-in plaintiffs as "Nail Technician[s]" who "work or worked for Defendants . . . at some time from June 1, 2020 through the present." (ECF No. 47-1, at 3). Plaintiff has thus conceded that the scope of potential opt-in plaintiffs only covers Nail Technicians. The notices will be required to specify that putative opt-in plaintiffs work or worked as Nail Technicians at Escape Nails beginning from June 1, 2020.

### B. Opt-In Period

Plaintiff requests a 75-day opt-in period as initially agreed by the parties, whereas Defendants request a 60-day opt-in period because "[t]here is no reason to think that a longer opt-in period is necessary for a case of this nature, and the Plaintiff has not provided any reason why it would be necessary to deviate from the 'presumed sufficient' 60 days." (ECF No. 47, at 2-3; *see also* ECF Nos. 47-1, at 4, 6; 47-5, at 4). Numerous courts in this district have approved an opt-in period exceeding 60 days. *See, e.g.*, *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 575 (D.Md. 2012) (authorizing a 90-day opt-in period); *Knox v. Hooper's Crab House, Inc.*, No. 17-cv-1853-CCB, 2018 WL 723964, at *4 (D.Md. Feb. 6, 2018) (authorizing a 75-day opt-in period). Hence, a 75-day opt-in period is sufficient.

### C. Method of Dissemination

Plaintiff requests (1) dissemination of the revised notice via mail, email, text message, and social media groups; (2) dissemination of the reminder notice by postcard, email, and text message; (3) the posting of a copy of the notice on Plaintiff's counsel's website and "in all relevant languages, in a conspicuous and unobstructed locations likely to be seen by all currently employed members of the Collective, and the Notice shall remain posted throughout the opt-in period" at Escape Nails. (ECF Nos. 47, at 4; 47-5, at 3-4). Defendants request dissemination of (1)

4

the revised notice via mail and email;[1] and (2) the reminder notice via postcard.  (*See* ECF Nos. 47, at 4-5; 47-5, at 3-4).

The revised notice may be initially disseminated via mail, email, and text message.  *See Butler*, 876 F.Supp.2d at 575 ("With regard to the use of email to notify potential plaintiffs of this litigation, 'communication through email is [now] the norm.'" (quoting *In re Deloitte & Touche, LLP Overtime Litig.*, No. 11-cv-2461-RMB-THK, 2012 WL 340114 (S.D.N.Y. Jan. 17, 2012))); *Biscardi v. Gov't Emps. Ins. Co.*, No. 21-cv-2240-GJH, 2023 WL 155238, at *5 (D.Md. Jan. 11, 2023) ("[C]ourts in the Fourth Circuit have frequently permitted FLSA notices to be distributed via text and email [in addition to traditional mail.]"  (citing *Thomas v. Maximus, Inc*, No. 3:21-cv-498-DJN, 2022 WL 1482010, at *8 (E.D.Va. May 10, 2022))).  The reminder notice may be disseminated via mail and email.  The notice may be posted onto Plaintiff's counsel's website (the "Online Notice"), as its purpose is to provide a method for opt-in plaintiffs to submit consent forms.  *See McCoy v. Transdev Servs., Inc.*, No. 19-cv-2137-DKC, 2020 WL 2319117, at *8 (D.Md. May 11, 2020) (authorizing the creation of a website allowing putative opt-in plaintiffs to submit consent forms

---

[1] While Defendants state that "[o]ne mail and post card reminder should be sufficient to put the potential opt-in plaintiffs on notice[,]" (ECF No. 47, at 4-5), they consent to dissemination of the notice via email in the joint dissemination plan, (ECF No. 47-5, at 3).

"particularly at this time when mail delivery is more cumbersome and difficult").  The notice may also be posted in conspicuous locations at Escape Nails in all relevant languages throughout the opt-in period.

### D. Information Included in the Notice

Plaintiff requests that the revised notice, as well as the reminder text and email notices, include the URL to the Online Notice.  (ECF Nos. 47, at 4; 47-2, at 2; 47-4, at 2).  Plaintiff also requests authorization to place two QR codes on the notice envelope allowing putative opt-in plaintiffs to directly initiate communication with Plaintiff's counsel and download, sign, and submit the Consent to Sue form.  (ECF No. 47-5, at 4).  Defendants oppose the inclusion of the URL and the QR codes.  (*See* ECF Nos. 47, at 4-5; 47-5, at 4).  Given that Plaintiff may create the Online Notice, he may also include the URL to the Online Notice in the text and email notices in addition to placing the QR codes on the notice envelope.

In addition, Plaintiff "does not object to the inclusion of Defendants' counsel's contact information [in the revised notice], including name and address, but exclusive of phone number[,]" fax number, and email address.  (ECF Nos. 47, at 3; 47-1, at 4-5).  Instead, Plaintiff requests including the following sentence (the "Cautionary Language"): "Defense counsel is obligated to represent the best interest of Defendants and has no legal obligation to you

6

or your interest." (ECF No. 47-1, at 4). Plaintiff also seeks to exclude from the reminder postcard a statement that putative opt-in plaintiffs may contact Defendants' law firm, (ECF No. 47-3, at 2), and include statements in the reminder text and email notice that Troy Law, PLLC represents Plaintiff and that putative opt-in plaintiffs may contact Troy Law, PLLC, (ECF No. 47-4, at 2). Defendants request inclusion of the entirety of their counsel's contact information. (ECF Nos. 47, at 4; 47-1, at 4). Defendants also seek to include from the reminder postcard a statement that putative opt-in plaintiffs may contact Defendants' law firm, (ECF No. 47-3, at 2), and exclude statements in the reminder text and email notice that Troy Law, PLLC represents Plaintiff and that putative opt-in plaintiffs may contact Troy Law, PLLC, (ECF No. 47-4, at 2).

The revised notice may include only defense counsel's name and address, along with the Cautionary Language. *See Arevalo v. D.J.'s Underground, Inc.*, No. 09-cv-3199-DKC, 2010 WL 2639888, at *4 (D.Md. June 29, 2010) (authorizing only the inclusion of defense counsel's name and address). The reminder postcard may not contain the statement that putative opt-in plaintiffs may contact Defendants' law firm. The reminder email notice[2] may contain

---

[2] As explained above, the reminder notice may be sent via mail and email, but not text message.

statements that Troy Law, PLLC represents Plaintiff and that putative opt-in plaintiffs may contact Troy Law, PLLC.

**III. Conclusion**

For the foregoing reasons, the parties' requests with respect to court-authorized notice as articulated in the Joint Report will be granted in part and denied in part. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
