```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

WEIDONG LI, on his own behalf    :
  and on behalf of others
  similarly situated             :

    v.                           :   Civil Action No. DKC 23-1487

                                 :
ESCAPE NAILS & SPA, LLC, et al.
                                 :

**MEMORANDUM OPINION**

Plaintiff Weidong Li and Defendants Escape Nails & Spa LLC and Linh Tuong Nguyen ("Defendants") filed a joint motion seeking approval of the parties' settlement agreement on December 31, 2024. (ECF No. 53). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.   Background**

Plaintiff Li, on behalf of himself and others similarly situated, filed this action on June 1, 2023, against Escape Nails & Spa LLC and Linh Tuong Nguyen alleging: (1) violations of the Fair Labor Standards Act ("FLSA"); (2) violations of the Maryland Wage and Hour Law ("MWHL"); and (3) violations of the Maryland Wage Payment and Collection Law ("MWPCL"). (ECF No. 1). According to the Complaint, Plaintiff Li claims that he was Defendants' employee from July 20, 2020, through December 1, 2020. He worked from 8:30 a.m. to 9:00 p.m. seven days per week. In addition, one

day per week, he would stay until 9:15 p.m. Thus, Plaintiff Li worked 87.75 hours per week. He did not receive an hourly wage, rather he was paid "commission" of $3,000 per month by check and another $2,000 per month in cash. Plaintiff Li asserts that throughout his employment, he was not paid one and one-half "his promised hourly wage" for all hours worked above forty in a work week.

On May 28, 2024, the court granted conditional certification and directed that a redrafted notice to potential putative class members and a plan be filed. (ECF Nos. 45, 46). The parties filed a status report outlining a dispute (ECF No. 47) and the court issued a Memorandum Opinion and Order on August 9, 2024, directing:

- Plaintiffs to edit the proposed notice to the Putative Collective Class in accordance with the instructions in the Opinion and to submit a proposed final notice to defense counsel by August 16, 2024;

- After receipt of Plaintiff's modified proposed notice to the Putative Collective Class, Defendants were to provide a spreadsheet of Putative Collective Class by August 26, 2024;

- After receipt of Defendants' spreadsheet of Putative Collective Class, Plaintiff was to send a copy of the agreed-upon notice and consent forms to potential plaintiffs by September 23, 2024;
- Potential plaintiffs were to submit a consent to become a party plaintiff form by December 9, 2024, and counsel were to file with the court any consent forms within 10 days of receipt, or by December 19, 2024.

Because the court received no consent form from any potential plaintiff, the parties were requested to file a joint status report on December 23, 2024. (ECF No. 52). In lieu of filing a status report, the parties filed a joint motion on December 31, 2024, to approve the settlement agreement between Plaintiff Weidong Li ("Plaintiff Li") and Defendants. (ECF No. 53). The motion states that no other people submitted a consent form to join this action.

The agreement provides that, upon court approval, Defendants will pay $33,000 of which $19,355.56 will be distributed to Plaintiff Li and $13,644.44 will be paid to Plaintiff Li's counsel consisting of $740.73 in costs and $12,903.71 in attorneys' fees.

3

**II. Analysis**

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).  Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed.  *See* 29 U.S.C. § 216(c).  Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co.*, 30 F.Supp.3d 404, 407 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding whether to approve such settlements, district courts in

4

this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*.  *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010).  An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *Lynn's Food Stores*, 679 F.2d at 1355.  Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute."  *Id.* at 1354.  Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Hackett v. ADF Restaurant Invs.*, 259 F.Supp.3d 360, 365 (D.Md. 2016) (quoting *Saman v. LBDP, Inc.*, DKC-12-1083, 2013 WL 2949047, at *3 (D.Md. June 13, 2013); *see also Duprey*, 30 F.Supp.3d at 408, 409.

### A. *Bona Fide* Dispute

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408. In the Complaint, Plaintiff Li alleged that Defendants failed to pay him wages for hours worked over 40 hours per week. Defendants filed an Answer denying any liability (ECF No. 26). Defendants' denial and the parties' overall disagreement indicates the presence of a *bona fide* dispute.

### B. Fairness & Reasonableness

Upon review of the parties' motion, and after considering the relevant factors, the agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. Both Plaintiff Li and Defendants are represented by lawyers with many years of experience. The parties participated in "extensive negotiations" which resulted in the Agreement being executed by all the Parties. (ECF No. 53, p. 3). Thus, the parties have had sufficient opportunity to obtain additional evidence through informal discovery, evaluate their claims and defenses, and conclude that, based in part on desires to avoid a lengthy and costly litigation process, settlement is the most appropriate resolution. Moreover,

there is no evidence that the agreement is the product of fraud or collusion.

Plaintiff Li worked for Defendants for approximately nineteen weeks – from July 20, 2020, through December 1, 2020. He chose not to provide the court with his hourly wage, either in the Complaint or the instant motion. Nevertheless, Defendants agree to pay $33,000 to settle Plaintiff Li's claims. Under the parties' instant agreement, Plaintiff Li will receive $19,355.56 which, viewed another way, represents a little more than $1,000 per week for each week he worked for Defendants. In addition, members of the firm representing Plaintiff Li, who expended over 96 hours on this litigation, have agreed to accept $12,903.71 in fees. Consequently, the settlement is fair and reasonable.

### III. Conclusion

For the foregoing reasons, the joint motion for approval of the settlement agreement between Plaintiff Li and Defendants will be granted. A separate order will follow.

                                           /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge